(157 App. Div. 349.)

## O'DELL v. BONTA.

(Supreme Court, Appellate Division, First Department. June 6, 1913.)

1. ASSAULT AND BATTERY (§ 27*)—CIVIL LIABILITY—ADMISSIBILITY OF EVIDENCE.

In an action to recover damages for an assault alleged to have been committed by defendant on plaintiff at defendant's hotel, where plaintiff was employed as a telephone operator, the admission of evidence that defendant had asked plaintiff to meet him earlier in the day, and that when she met him pursuant to the appointment he endeavored to have her enter a house with him for improper purposes, was error, since it was not relevant to any of the issues in the case.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 37–39; Dec. Dig. § 27.*]

2. TRIAL (§ 208*)—INSTRUCTIONS—LIMITING EFFECT OF EVIDENCE.

In an action to recover damages for an assault, where the court improperly received evidence as to the conduct of defendant toward plaintiff earlier in the same day, his refusal to charge that the jury could in no event award plaintiff damages, punitive or otherwise, for the earlier occurrence, was reversible error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 504; Dec. Dig. § 208.*]

Appeal from Trial Term, New York County.

Action by Ethel O'Dell, an infant, by Mamie O'Dell, her guardian ad litem, against Arthur K. Bonta. From a judgment entered on a verdict in favor of plaintiff in the sum of $1,000, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Louis Lowenstein, of New York City, for appellant.
Charles Goldzier, of New York City, for respondent.

DOWLING, J. The action is brought to recover for an assault alleged to have been committed by defendant on plaintiff on or about July 14, 1911, at a certain hotel in the city of New York. Upon the trial it appeared that plaintiff had been employed by defendant at the hotel in question as a telephone operator.

[1] Before testifying to the facts of the alleged assault, plaintiff was permitted, over the objection and exception of the defendant's counsel, to testify to certain happenings between the plaintiff and defendant on the day preceding the alleged assault, namely, July 13th, as well as on the morning of July 14th. The purpose of this proof was to show that the defendant had asked the plaintiff to meet him on the morning of July 14th, at which time, when she met him pursuant to the appointment he endeavored to have her enter a house with him for improper purposes. The assault is claimed to have taken place at the defendant's hotel at 2 o'clock on the afternoon of the day in question, and the episodes referred to had no connection whatever with the assault, were not relevant to any of the issues in the case, and the plaintiff should not have been allowed to testify thereto

upon her direct examination. The sole effect of this testimony was to inflame the jury against the defendant, and to cause them to view with suspicion the defense which he sought to establish of a discharge of the plaintiff for cause, unaccompanied by any assault whatever by him upon her, in which he was corroborated by the testimony of his wife that she had been the one who had pushed plaintiff out of the hotel office when she made a scene after her discharge, and that the defendant had no part whatever therein.

[2] The learned court refused to charge that the jury could, in no event, award plaintiff damages, punitive or otherwise, for the alleged occurrences on the morning of July 14th, and his refusal so to charge in the face of the acceptance of the testimony constituted reversible error, entitling the defendant to a new trial.

For that reason, as well as for the receipt of the improper evidence referred to, the judgment and order appealed from will be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.